T.C. Memo. 2011-198

UNITED STATES TAX COURT

MARIA ELLEEN SHERRER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15266-08.                    Filed August 15, 2011.

Maria Elleen Sherrer, pro se.

<u>Karen J. Lapekas</u>, for respondent.

MEMORANDUM OPINION

CARLUZZO, <u>Special Trial Judge</u>:  In a notice of deficiency
dated March 19, 2008, respondent determined deficiencies and
penalties with respect to petitioner's Federal income taxes as
follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2005 | $9,904 | $1,980.80 |
| 2006 | 15,779 | 3,155.80 |

Following concessions the issues for decision are: (1) Whether petitioner is entitled to trade or business expense deductions in excess of the amounts now allowed by respondent; (2) whether for 2006 petitioner overstated the amount shown for returns and allowances on the Schedule C, Profit or Loss From Business, included with her Federal income tax return for that year; (3) whether petitioner is entitled to deductions for interest expenses not claimed on her 2005 or 2006 Federal income tax return; and (4) whether petitioner is liable for the section 6662[1] accuracy-related penalty for either of the years in issue.

### Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Florida.

During the years in issue petitioner, who holds an associate's degree in accounting, owned and operated a business that provided accounting services, including tax return preparation services (petitioner's accounting business). At all

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the relevant period. Rule references are to the Tax Court Rules of Practice and Procedure.

times relevant, petitioner's accounting business was conducted in a building in Miami, Florida, that petitioner purchased for $130,000 in 1996 (the business property). The purchase was financed by a $70,000 loan from the sellers, Marion and Robert Dodson (the Dodson loan) and a $47,000 loan from Allen and Jill Greenwald (the Greenwald loan). Both loans were secured by mortgages on the business property. In 1998 petitioner borrowed $47,000 from Barnett Bank; that loan was also secured by a mortgage on the business property. As of the end of 2003 the Greenwald loan was apparently repaid in full and the mortgage securing that loan released. In February 2004 the Dodson loan was satisfied and presumably the mortgage securing that loan was released. In May 2004 petitioner borrowed $121,200 from Allied Mortgage Investment Fund II, L.L.C. (the Allied loan). The Allied loan was secured with a mortgage on the business property. During 2005 and 2006 petitioner paid interest on the loans secured by the business property in the respective amounts of $22,667 and $23,846. No deductions for these amounts, or any portions of these amounts, are claimed on petitioner's timely filed 2005 or 2006 Federal income tax returns.

Petitioner's Federal income tax return for each year in issue includes a Schedule C showing the following income and expenses relating to petitioner's accounting business:

|                                    | 2005      | 2006      |
|------------------------------------|-----------|-----------|
| Income:                            |           |           |
| Gross receipts                     | $43,000   | $61,000   |
| Returns and allowances             | -0-       | 2,500     |
| Gross income                       | 43,000    | 58,500    |
|                                    |           |           |
| Expenses:                          |           |           |
| Advertising                        | $1,200    | $1,700    |
| Car and truck                      | -0-       | 11,125    |
| Insurance                          | 2,500     | 3,200     |
| Legal and professional             |           |           |
|   services               | 3,500     | 2,500     |
| Office                             | -0-       | 4,200     |
| Rent or lease of other             |           |           |
|   business property      | 6,000     | 7,200     |
| Rent or lease of vehicle,          |           |           |
|   machinery, and equipment | -0-     | 1,900     |
| Repairs and maintenance            | 9,045     | 4,500     |
| Supplies                           | 1,500     | -0-       |
| Taxes and licenses                 | 525       | 750       |
| Travel                             | 2,610     | -0-       |
| Meals and entertainment            | 783       | 1,850     |
| Utilities                          | 2,600     | -0-       |
| Other                              | 4,800     | 5,200     |
|   Total                  | 35,063    | 44,125    |
|                                    |           |           |
|   Net profit             | 7,937     | 14,375    |

In the notice of deficiency respondent disallowed, for lack of substantiation, all of the deductions claimed on the Schedules C for each year[2] and the amount claimed for returns and allowances on petitioner's 2006 Schedule C.  For each year respondent also imposed a section 6662(a) accuracy-related penalty on several grounds, including "negligence or disregard of

_____

[2]Petitioner's 2005 Schedule C reported other expenses of $4,800 comprising $1,200 and $3,600 for computer and telephone expenses, respectively.  For 2006 petitioner claimed other expenses of $5,200 comprising computer and telephone expenses.  However, the record does not establish what portion of the claimed other expenses is attributable to computer expenses and what portion is attributable to telephone expenses.

rules or regulations" and "substantial understatement of income tax".

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[3] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, supra at 90; sec. 1.6001-1(a), Income Tax Regs. In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the

---

[3]Petitioner does not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of the taxpayer's own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) imposes strict substantiation requirements for travel, entertainment, gift, and "listed property" expenses. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Under section 274(d), the taxpayer generally must substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement:  (1) The amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred.  For "listed property" expenses, the taxpayer must establish the amount of business use and the amount of total use for such property.  See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures.  Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements.  Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

I.  Schedule C Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  The determination of whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact.  See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).  In general, an expense is ordinary if it is considered normal, usual, or customary in the context of the particular business out of which it arose.  See Deputy v. du Pont, 308 U.S. 488, 495 (1940).  In general, an expense is necessary if it is appropriate and helpful to the operation of the taxpayer's trade or business.  See Commissioner v. Tellier, 383 U.S. 687 (1966); Carbine v. Commissioner, 83 T.C.

356, 363 (1984), affd. 777 F.2d 662 (11th Cir. 1985).  On the other hand, section 262(a) generally disallows a deduction for personal, living, or family expenses.

The disallowed trade or business expense deductions here in dispute can be divided into two categories:  (1) Those that are subject to the strict substantiation requirements of section 274(d); and (2) those that are subject to the more general substantiation requirements of section 6001.

As relevant here, the deductions subject to the section 274(d) requirements include car and truck expenses, travel expenses, meals and entertainment expenses, and computer expenses.  Secs. 274(d), 280F(d)(4).  Deductions not subject to section 274(d) include expenses for advertising; legal and professional services; rent or lease of other business property; rent or lease of vehicle, machinery, and equipment; repairs and maintenance; supplies; taxes and licenses; utilities; contract labor; and telephone.

A.  Deductions Subject to Section 274(d)

Petitioner failed to present any records, receipts, or other written substantiation required by section 274(d) with respect to deductions claimed for car and truck expenses, travel expenses, meals and entertainment expenses, and computer expenses. Consequently, petitioner is not entitled to deductions for those

expenses in excess of the amounts allowed by respondent for either year in issue.

B. <u>Deductions Not Subject to Section 274(d)</u>

In addition to her generalized and somewhat vague testimony as to deductions in this category, petitioner presented canceled checks, bank account statements, receipts, and invoices purporting to substantiate various items claimed as business expense deductions. These records are not well organized and have not been submitted to the Court in a fashion that allows for easy association with the portions of deductions that remain in dispute. Furthermore, some of the checks are made payable to persons whose relationships, if any, to petitioner's accounting business have not been fully described. Nevertheless, we make what sense we can with what we have to work with and summarize our findings in the following paragraphs.

1. <u>Advertising</u>

Petitioner claims a $1,700 deduction for advertising expenses for 2006.[4] In the notice of deficiency respondent disallowed the deduction for lack of substantiation. Petitioner submitted an invoice from Game Day Advantage for $309.95 and testified that she paid the invoice with a credit card. Although payments made by credit card should be easily substantiated by

----

[4]In the stipulation of settled issues respondent conceded that petitioner is entitled to a deduction for advertising expenses of $3,386 and $1,369.99 for 2005 and 2006, respectively.

obtaining records from the credit card company, petitioner has failed to submit a credit card receipt or statement evidencing payment of the amount claimed. Accordingly, except for the amounts now conceded, respondent's disallowances of petitioner's deductions for advertising expenses are sustained.

### 2. Legal and Professional Services

Petitioner claims deductions for legal and professional services expenses of $3,500 and $2,500 for 2005 and 2006, respectively. In the notice of deficiency respondent disallowed the entire amount claimed for each year because, according to respondent, petitioner failed to show that the legal and professional services expenses were paid for a business purpose.

Petitioner testified that she incurred and paid the amounts claimed for each year to an attorney for "legal representation for different legal issues". According to petitioner, in one instance she hired an attorney to represent her in connection with the rental of "a large piece of land with a mobile on it to use as a second office." Petitioner provided no written evidence, such as a retainer letter or representation agreement, establishing that petitioner incurred legal expenses for a business purpose. Accordingly, petitioner has failed to substantiate that these claimed legal expenses had a bona fide business purpose or that the services were related to her accounting business, rather than to her personally. See sec.

262. Consequently, respondent's disallowances of the deductions for legal and professional services expenses for both years in issue are sustained.

### 3. Rent or Lease of Other Business Property

Petitioner claims deductions for rent or lease of other business property expenses of $6,000 and $7,200 for 2005 and 2006, respectively. The deductions were disallowed for lack of substantiation. Respondent now concedes that petitioner is entitled to a $606 deduction for this expense for 2005. According to petitioner, the disallowed deductions are attributable to a lease of phone equipment for use in her accounting business. Other than her testimony on the point, petitioner failed to provide any corroborative evidence of this expense. It would seem that amounts paid for the lease of phone equipment would be easily substantiated by canceled checks or statements from the leasing company. No such evidence has been submitted. Consequently, except for the amount conceded by respondent, we sustain respondent's disallowances of the deductions for rent or lease of other business property expenses claimed on her 2005 and 2006 returns.

### 4. Rent or Lease of Vehicle, Machinery, and Equipment

Petitioner claims a deduction for "rent or lease of vehicle, machinery, and equipment" expenses of $1,900 for 2006. According to petitioner, this expense is attributable to tool rental, but

she did not provide any further detail or any corroborating evidence with respect to the underlying expense. Although less than certain, at trial it appeared that petitioner conceded this deduction. Nonetheless, her failure to substantiate the expense makes any such concession, if made, of little consequence. For either reason, respondent's disallowance of the deduction for rent or lease of vehicle, machinery, and equipment expenses claimed on her 2006 return is sustained.

### 5. Repairs and Maintenance

Petitioner claims deductions of $9,045 and $4,500 for 2005 and 2006, respectively, for repairs and maintenance expenses.[5] According to petitioner, these expenses are attributable to "miscellaneous repairs that had to be done" to the business property, including carpet installation, painting, installation of a sign, and lock maintenance. In the notice of deficiency, respondent disallowed the deductions for lack of substantiation.

With respect to the deduction for 2005, petitioner submitted: (1) A contract with Samuel Kemp regarding a storage shed on the business property along with a canceled check to him for $1,000; (2) a canceled check to Kertz National Alarm Co. for $164.98; (3) a canceled check to AAA Miami Locksmith for $149.80; (4) a receipt from JP Signs indicating that petitioner paid $815;

_____

[5]In the stipulation of settled issues respondent concedes that petitioner is entitled to a deduction for repairs and maintenance expenses of $229.88 for 2005.

and (5) a proposal from All Around Maintenance to perform maintenance work at the business property.  Taking the above items into account, and ignoring the proposal from All Around Maintenance because it is nothing more than a proposal, we find that in addition to the amount already allowed by respondent, petitioner is entitled to a $2,129.78 deduction for repairs and maintenance expenses for 2005.

Because petitioner has failed to substantiate any expenses for repairs and maintenance for 2006, respondent's disallowance of that deduction for that year is sustained.

### 6.  Supplies

For 2005 petitioner claimed a $1,500 deduction for supplies expenses.  Petitioner testified that this expense is attributable to the purchase of furniture, two desks and two chairs, and supplies purchased at Home Depot.  Respondent disallowed the deduction for failure to substantiate the expenses claimed.[6]

For 2005 petitioner submitted receipts from Home Depot showing items, purchased for $801.83, which, according to petitioner, were used in connection with the maintenance of the business property.

Accordingly, for 2005 we find that, in addition to the amount conceded by respondent, petitioner is entitled to an

---

[6]Respondent now concedes that petitioner is entitled to deductions for supplies expenses of $314.74 and $128.27 for 2005 and 2006, respectively.

$801.83 deduction for supplies expenses, and that for 2006, petitioner's deduction for supplies expenses is limited to the amount conceded by respondent.

### 7. Taxes and Licenses

Petitioner claims deductions for taxes and licenses expenses of $525 and $750 for 2005 and 2006, respectively. For 2005 respondent now concedes that petitioner is entitled to a $480.05 deduction for taxes and licenses expenses. Petitioner offered no evidence to support entitlement to the deduction in an amount in excess of that allowed by respondent for 2005 and no evidence at all with respect to 2006. Except for the amount conceded by respondent, respondent's disallowances of the deductions are sustained.

### 8. Utilities

Petitioner claims a deduction for utilities expenses of $2,600 for 2005.[7] In the notice of deficiency respondent disallowed the deduction for lack of substantiation. Petitioner failed to substantiate any amounts in excess of the amounts respondent now concedes but contends that the unsubstantiated portion is attributable to late payments made in cash to the water company. Payments made, even if made in cash, to a utility company should be easily substantiated by obtaining records from

___

[7]In the stipulation of settled issues respondent concedes that petitioner is entitled to a deduction for utilities expenses of $2,156.51 and $2,383.05 for 2005 and 2006, respectively.

the utility company.  This petitioner has failed to do.
Accordingly, we sustain respondent's disallowance of petitioner's
deductions for utilities expenses in excess of the amounts now
conceded by respondent.

### 9.  Other Expenses

Petitioner claims deductions for other expenses (comprising
computer and telephone fees) of $4,800 and $5,200 for 2005 and
2006, respectively.[8]  Petitioner failed to substantiate any
amount in excess of the amount respondent now concedes.
Accordingly, we sustain respondent's disallowances of
petitioner's deductions for other expenses in excess of the
amounts respondent now concedes.

## II.  Returns and Allowances

The gross income shown on the Schedule C included with
petitioner's 2006 return takes into account "returns and
allowances" of $2,500.  According to petitioner, that amount is
attributable to refunds to clients of her accounting business
who switched from a more expensive service to a less expensive
service.  Respondent disallowed the item for failure to
substantiate the amount.  Respondent now concedes that petitioner
is entitled to reduce gross income by $375 for returns and

---

[8]Respondent now concedes that petitioner is entitled to
deductions for other expenses of $3,751 and $10,847.36 for 2005
and 2006, respectively.  As part of the concession for other
expenses in 2006 respondent included a $3,271 concession for
contract labor expenses.

allowances.  According to petitioner, all of the refunds were made by check.  Petitioner did not provide canceled checks or offer any other evidence to corroborate her claim.  Except for the amount now conceded by respondent, respondent's disallowance of the amount shown for returns and allowances on the Schedule C included with petitioner's 2006 return is sustained.

III.  Interest Expense Deduction

The parties dispute whether petitioner is entitled to interest expense deductions of $22,667 and $23,846 for 2005 and 2006, respectively.  The amount for each year represents interest paid on loans secured by the business property.  Respondent agrees that petitioner paid the interest for each year but contends that petitioner has not shown that the amounts paid were for a business purpose.

In general, section 163(h) provides that no deduction shall be allowed for personal interest paid or accrued during the taxable year.  As relevant here, section 163(h)(2) defines personal interest to mean "any interest allowable as a deduction" other than interest on trade or business indebtedness.

As best we can determine from petitioner's presentation, she takes the position that because the interest was paid on loans secured by the business property, the interest should be deductible as interest on trade or business indebtedness.  The use of the business property as collateral for the loans,

however, tells us nothing about how the proceeds from the two loans were used. Because petitioner has not shown that proceeds of the loans were used for business purposes, the interest she paid in 2005 or 2006 on those loans is treated as personal interest. It follows that petitioner is not entitled to a deduction for 2005 or 2006 for interest paid on the loans. See sec. 1.163-8T(c)(1), Temporary Income Tax Regs., 52 Fed. Reg. 25000 (July 2, 1987).

IV. The Accuracy-Related Penalties

Lastly, we consider whether petitioner is liable for section 6662(a) accuracy-related penalties. For each year in issue, respondent has determined that the penalty is applicable because, among other reasons, the underpayment of tax required to be shown on petitioner's return is a substantial understatement of income tax.

Section 6662(a) and (b)(2) imposes a 20-percent accuracy-related penalty on the portion of an underpayment that is attributable to a substantial understatement of income tax. An understatement of income tax is the excess of the amount of income tax required to be shown on the return for the taxable year over the amount of income tax that is shown on the return, reduced by any rebate. See sec. 6662(d)(2)(A). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return for the

taxable year or, in the case of an individual, $5,000. See sec. 6662(d)(1)(A).

The Commissioner bears the burden of production with respect to the applicability of an accuracy-related penalty determined in a notice of deficiency. See sec. 7491(c). In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once he has met his burden, the burden is upon the taxpayer to prove that the accuracy-related penalty does not apply because of reasonable cause, substantial authority, or the like. See secs. 6662(d)(2)(B), 6664(c); Higbee v. Commissioner, supra at 449. It would appear that after taking into account respondent's concessions and the findings of the Court, the understatement of income tax for both 2005 and 2006 will exceed $5,000. Consequently, respondent has met his burden for the imposition of an accuracy-related penalty for each year.

An accuracy-related penalty is not imposed on any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable cause and in good faith. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability. Id.

Petitioner has failed to explain her failure to substantiate the disallowed Schedule C deductions.  She further failed to demonstrate that there was reasonable cause and that she acted in good faith with respect to the underpayment of tax, or any portion of it, required to be shown on her return for either year in issue.  Accordingly, respondent's imposition of an accuracy-related penalty for each year in issue is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.